IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ASHLEY HANKINS, ET AL. | § | |
| v. | § | CIVIL ACTION NO. 5:14cv43 |
| COMMUNITY EDUCATION CENTERS, INC., ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO DISMISS

The Plaintiffs Ashley Hankins, Kristal Hankins, and Mary Barron, representatives of the estate of James Hankins, filed this lawsuit complaining of alleged violations of constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Bowie County, Texas; Community Education Centers, Inc. (CEC); Lt. Leon Williams; Nurse Melissa Flieder; Nurse Regina Lynch; Nurse Laura Runnels; and three unknown defendants, identified only as Does 7 through 9.

**I. The Plaintiffs' Allegations**

The Bowie County Correctional Center is a privately operated facility, established to hold overflow prisoners from the Bi-State Detention Center. At all relevant times, the Bowie County Correctional Center was operated by Community Education Centers, Inc.

James Hankins was confined in the Bi-State Detention Center on August 9, 2012 and was transferred to the Bowie County Correctional Center on August 12. He began complaining of stomach pains and asked to go to the hospital, but the only treatment he received was some Pepto-Bismol tablets. On August 22, 2012, Mr. Hankins was found dead in his cell.

1

**II. The Motion to Dismiss**

In their motion to dismiss, the Defendants argue the complaint lacks well-pleaded allegations and fails to identify any policies or customs by Bowie County or CEC sufficient to maintain a §1983 claim. They contend the complaint does not allege facts showing how each named individual was deliberately indiffent to Mr. Hankins' serious medical needs but instead engages in global allegations of fault. In response, the Plaintiffs contend their complaint contains sufficient facts showing deliberate indifference on the part of the individual Defendants and sufficiently identifies customs or policies on the part of Bowie County and CEC allegedly leading to Mr. Hankins' death.

**III. The Magistrate Judge's Report**

After review of the pleadings, the Magistrate Judge recommended the Defendants' motion to dismiss be denied. The Magistrate Judge set out the standards for motions to dismiss, including the fact that while a motion to dismiss challenges the legal sufficiency of the pleadings, a post-discovery motion for summary judgment evaluates whether a genuine issue of material fact remains after the parties' evidence is considered. Rader v. Cowart, 543 F.App'x 358 (5th Cir., October 4, 2013).

The Magistrate Judge examined each individual defendant in turn, concluding that the claims against each were sufficient to survive a motion to dismiss. The Magistrate Judge also reviewed the claims against CEC and Bowie County and concluded these claims also were sufficient to survive a motion to dismiss and allow the Plaintiffs to proceed with discovery.

**IV. The Defendants' Objections**

The Defendants' objections largely repeat the pleading-insufficiency arguments made in their motion to dismiss and their reply to the Plaintiffs' response to this motion. While Plaintiffs sometimes refer to the Defendants collectively, they also make specific allegations concerning the individual Defendants. This distinguishes the pleadings in the present case from two previous decisions of this Court cited by the Defendants, Moore v. Bowie County, civil action no. 5:11cv110,

2012 WL 4355000 (E.D.Tex., September 21, 2012) and Mathews v. Bowie County, civil action no. 5:12cv82, 2013 WL 5142381 (E.D.Tex., September 13, 2013).

The Defendants also argue Plaintiffs failed to make any factually specific references to Bowie County or CEC policies which were the moving force behind Mr. Hankins' death. The Supreme Court has stated factual allegations in a complaint must be enough to raise a right to relief above a speculative level and state a claim for relief that is plausible on its face. Ashcroft v. Iqbal. 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Making this determination requires the reviewing court to "draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

A review of the pleadings shows the Plaintiffs' allegations are sufficient to survive a motion to dismiss. Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests. Twombly, 550 U.S. at 555. While such a short and plain statement must involve more than mere labels and conclusions, and must allow the court to draw a reasonable inference that the defendants are liable for the misconduct alleged, *see* Iqbal, 555 U.S. at 678, the Plaintiffs' pleadings meet this standard at this stage of the proceeding. The Defendants' objections are without merit.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Defendants' objections are overruled and the Report of the Magistrate Judge (docket no. 52) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion to dismiss (docket no. 33) be and hereby is DENIED.

**So ORDERED and SIGNED this 17th day of September, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE